EMMANUIL MANOUKIAN
*In Pro Per*
Booking # 2981405
A# 070-941-519
Theo Lacy Facility
501 The City Drive South
Orange, CA 92868

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| EMMANUIL MANOUKIAN<br><br>PETITIONER,<br><br>v.<br><br>ELAINE C. DUKE, Acting Secretary of the Department of Homeland Security; JEFF SESSIONS, Attorney General of the United States: DAVID JENNINGS, Los Angeles Field Office Director, Bureau of Immigration and Customs Enforcement; SANDRA HUTCHENS, Sheriff of Orange County; ANDRE QUINONES, Assistant Field Office Director for Orange County Detained Facilities, QUANG QUACH, Officer-in-Charge, Theo Lacy Facility; CAPTAIN JASON PARK, Commander, Theo Lacy Facility,<br><br>RESPONDENT. | No. CV17-01806-SVW(DFM)<br><br>DHS Case No.: A#070-941-519<br><br>**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY (28 U.S.C. § 2241); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>(Filed in lieu of form CV-27) |



PAID
OCT 16 2017

# PETITION[1]

1. **Place of Detention:** At the time of filing the initial petition, Petitioner is detained by Immigration and Customs and Enforcement (ICE) at the Theo Lacy Facility in Theo Lacy, California.

2. **Name and Location of Court Which Imposed Removal Order:** Executive Office of Immigration Review, Los Angeles, California.

3. **The Immigration Case Number:** DHS (Department of Homeland Security) A#070-941-519.

4. **The Date Upon Which Removal Order Was Imposed:** Mr. Manoukian was ordered removed by an Immigration Judge on March 29, 2017.

5. **Check Whether a Finding of Guilty Was Made:** Not applicable.

6. **If You Were Found Guilty After a Plea of Not Guilty, Check Whether that Finding Was Made by A Jury or Judge Sitting Without a Jury:** Not applicable.

7. **Did You Appeal from the Removal Order?** No.

8. **If You Did Appeal, Give the Following for Each Appeal:** Not applicable.

---

[1] This Petition, while filed by Mr. Manoukian *in pro per*, was drafted with substantial assistance by the Office of the Federal Public Defender.

2

9. **State concisely every ground on which you claim you are being held unlawfully. Summarize briefly, the facts supporting each ground.**

    a.    **Ground One:** Continued detention in this matter violates <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001). In <u>Zadvydas</u>, the Supreme Court held that 8 U.S.C. § 1231(a)(2) does not authorize indefinite detention. Rather, detention is only permitted for the purposes of effectuating removal. <u>See</u> <u>id.</u> at 699-700. Thus, an alien may only be detained for a period reasonably necessary to bring about the alien's removal from the United States. <u>See</u> <u>id.</u> For the purposes of practicality, the Supreme Court recognized a "presumptively reasonable period of detention" of six months. <u>See</u> <u>id.</u> at 701. Then,

> [a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.

<u>Id.</u>

    **Supporting Facts:** ICE has detained Mr. Manoukian beyond the presumptively reasonable six month period. He received a final order of removal on March 29, 2017. He has been detained since that date, a period of over six months. Further detention is only justified if there is a significant likelihood of removal in the reasonably foreseeable future. Moreover, as each additional day passes, the "reasonably foreseeable future" shrinks considerably.

10. **Have You Filed Previous Petitions of Habeas Corpus, Motions Under Section 2255 of Title 28, United States Code, or Any Other Applications, Petitions or Motions With Respect to the Removal Order?** No.

**11. If Your Answer to Question No. 10 Was Yes, Give the Following Information:** Not applicable.

**12. Do you have any petition, appeal or parole matter pending in any court, either state or federal, as to the removal order under attack?** No.

**13. Are you presently represented by counsel?** No. However, petitioner is applying for appointment of counsel concurrently with this petition.

**14. If you are seeking leave to proceed *in forma pauperis*, have you completed the declaration setting forth the required information?** Not applicable.

1  **WHEREFORE, petitioner prays that the court hold an evidentiary hearing and**
2  **grant petitioner relief to which he may be entitled in this proceeding.**

3       I declare under penalty of perjury that the foregoing is true and correct to the best
4 of my knowledge.

5
6 DATED: 10-12-17            By _____
                                                  EMMANUIL MANOUKIAN
7                                                   Petitioner in *Pro Per*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

Emmanuil Manoukian has been in post-removal order detention for over six months, since approximately March 29, 2017. The sheer length of his detention suggests that there is no reason to believe that Immigration and Customs Enforcement (ICE) will be able to remove him in the reasonably foreseeable future. Accordingly, this Court should grant the habeas petition and order that Mr. Manoukian be released on appropriate conditions.

## II. ANALYSIS

### A. Mr. Manoukian Must Be Released Because There is No Good Reason to Believe Mr. Manoukian Will Be Deported in the Reasonably Foreseeable Future

In Zadvydas v. Davis, 533 U.S. 678 (2001) the United States Supreme Court confronted the question whether the Immigration and Nationality Act allowed the INS to detain aliens indefinitely while it sought to have them removed. Title 8, U.S.C. §1231(a)(1) provides that the INS shall remove an alien within 90 days of his removal order; 8 U.S.C. § 1231(a)(2) provides that the Attorney General shall detain the alien during the removal period. Title 8, U.S.C. § 1231(a)(3) provides for the supervision of aliens in the community after the 90-day period. But 8 U.S.C. § 1231(a)(6) provides that certain aliens may be detained even after the 90-day period. In Zadvydas, the Supreme Court interpreted these statutes against the backdrop of the requirements of the Due Process Clause of the Fifth Amendment to the United States Constitution and held that the statute does not authorize indefinite detention. Id. at 688-692. Rather, detention is only permitted for the purposes of effectuating removal. See id. at 699-700. Thus, an alien may only be detained for a period reasonably necessary to bring about the alien's removal from the United States. See id.

For the purposes of practicality, the Supreme Court recognized a "presumptively reasonable period of detention" of six months. See id. at 701. Then,

> [a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.

Id.

ICE has detained Petitioner beyond the presumptively reasonable six-month period. Under 18 U.S.C. § 1231(a)(1)(B), the six-month period began when his removal order became final on March 29, 2017. He was detained on that date.

There is good reason to believe that there is no significant likelihood of removal in the foreseeable future. In the over six months of Mr. Manoukian's post-removal detention, ICE has provided no reason to believe there has been any progress towards obtaining a travel document for Mr. Manoukian. Because there is no evidence that Respondent's removal is imminent, Petitioner asks the Court to order Respondents to release Mr. Manoukian on reasonable conditions of release.

**B.     In The Alternative, Even If Removal Is Reasonably Foreseeable, Mr. Manoukian Should Be Released on Conditions Because Preventive Detention Is Not Warranted in This Case**

Furthermore, regardless of whether this Court finds that Mr. Manoukian's removal is reasonably foreseeable, he should be released on conditions. The Supreme Court has upheld preventive detention for the protection of the community "only when limited to specially dangerous individuals and subject to strong procedural protections." See Zadvydas, 533 U.S. at 690-91 (citing Kansas v. Hendricks, 521 U.S. 346 (1997),

and <u>United States v. Salerno</u>, 481 U.S. 739 (1987)). Thus, even if respondents could meet the burden of showing that Mr. Manoukian's removal will occur in the reasonably foreseeable future, he should nevertheless be released on conditions pending his removal because he is not a "specially dangerous" individual. Under DHS's current regulatory scheme, the burden on the alien to show that he is not dangerous. See 8 C.F.R. § 241.4(d)(1). When extended past the statutorily authorized 90-day removal period, this regulatory scheme violates Mr. Manoukian's liberty interest by imposing preventive detention without the constitutionally requisite showing. See <u>Zadvydas</u>, 533 U.S. at 690-91; see also <u>Hendricks</u>, 521 U.S. at 368 (upholding scheme that imposes detention upon "a small segment of particularly dangerous individuals" and "provides strict procedural safeguards"); <u>Salerno</u>, 481 U.S. at 747, 75-52 (in upholding pretrial detention based on dangerousness, stressing "stringent time limitations," the fact that detention is reserved for the "most serious of crimes," the requirement of proof of dangerousness by clear and convincing evidence, and the presence of judicial safeguards).

Therefore, this Court should order respondents to release Mr. Manoukian even if it finds petitioner's removal is significantly likely in the reasonably foreseeable future. The respondents cannot justify the reasonableness of continued detention on the basis of his risk of committing further crimes pursuant to the standards set out in <u>Hendricks</u> and <u>Salerno</u>.

### III. CONCLUSION

For the foregoing reasons, Mr. Manoukian respectfully requests the Court grant his writ of habeas corpus and that he be released under reasonable conditions of supervision. Alternatively, Mr. Manoukian requests that the Court set a hearing in this matter and require Respondents to produce Mr. Manoukian for the hearing.